UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Prodigy Finance CM2021-1 DAC,

                Plaintiffs,

  -against-

JANAK SINGH JASVINDER SINGH
SETHI,

                Defendant.

**MEMORANDUM AND ORDER**
Case No. 1:24-CV-6807 (FB) (TAM)

*Appearances:*

*For the Plaintiff:*
LAWRENCE H. COOKE, III
Venable LLP
Litigation
151 W 42nd Street
Ste 49th Floor
New York, NY 10036

**BLOCK, Senior District Judge:**

Prodigy Finance CM2021-1 DAC ("Petitioner") commenced this action against Janak Singh Jasvinder Singh Sethi ("Respondent") on September 26, 2024, seeking to confirm two arbitration awards entered in Petitioner's favor in London and requesting that the Court enter judgment against Respondent based on those awards. Pet., ECF No. 1. On January 16, 2025, Petitioner moved for a default judgment against Respondent. Mot. for Default J., ECF No. 14. On August 15, 2025, Magistrate Judge Taryn A. Merkl issued a Report and Recommendation ("R&R"), recommending that the motion for default judgement be granted. R&R, ECF No. 19. Following Respondent's failure to object to the R&R, the Court entered default judgement against him on September 9, 2025.

Respondent, proceeding *pro se*, now moves to vacate the judgement. The decision whether to vacate a default judgment pursuant to Rule 60(b) is "addressed to the sound discretion of the district court." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).[1] In deciding a motion to vacate a default judgment, "the district court is to be guided principally by three factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).

The Court contacted the Clerk's Office and confirmed that Respondent evidently attempted to submit an objection to the R&R through the Pro Se Website Portal within the 14-day period, although for some unknown reason it was never docketed. *See* ECF No. 24, Ex. E. Therefore the default was certainly not willful. As to the third factor, vacating the judgement would pose the typical, predictable difficulties for Petitioner, but would ultimately only require that it actually litigate its claim. Therefore both factors one and three weigh in favor of vacating. However, as explained below, Respondent's seven theories for why the Court should vacate the judgment are all without merit. As he has no meritorious defense, the Court sees no reason to further extend these proceedings. The Court is cognizant of the duty to "read *pro se* papers liberally," *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983), but where a *pro se* litigant's arguments lack any basis in the evidence, no amount of leniency can help.

1. Interest, payment crediting, principal inflation, and  cross-loan contamination

Respondent's first four theories contend that his interest was miscalculated, Petitioner failed to credit his payments, the principal was improperly inflated, and a vague contention that

---

[1] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

2

paying improper interest on one loan would have contaminated the other loan. *See* ECF 24, 3–7. Setting aside the fact that these defenses should have been raised in the arbitration proceeding—in which Respondent failed participate—they are also unsupported by the terms of the loan agreement and the evidence submitted by the parties. It would generally be inappropriate to undermine the arbitrator's award absent evidence of gross error or misconduct. *See Finkel v. Uptown Commc'ns & Elec., Inc.*, No. 20-CV-3303 (LDH) (CLP), 2022 WL 2467471, at *3 (E.D.N.Y Apr. 12, 2022) ("courts generally . . . defer to an arbitrator's award, and confirm the award so long as the arbitrator provided a barely colorable justification for the outcome reached.") Nonetheless, even after reviewing the contract's language, the arbitrator's decision, *see* ECF No. 1-15, and Magistrate Judge Merkl's extremely thorough R&R, the Court does not see any evidence of predatory miscalculations of interest, failure to credit payments, or principal inflation.

2.   Claims regarding arbitration process

Respondent next seeks to appeal the arbitrator's findings, contending that the arbitrator exceeded her power and displayed a lack of neutrality. These arguments are also vague and confusing. It seems that Respondent is arguing that the arbitrator made the same alleged-errors in interest and principal calculation described in the previous section, and now wants the judgement vacated on this basis. He argues this is appropriate given the Public Policy exception found in Article V(2)(b) of the New York Convention. However, as Petitioner highlights, this exception is "construed very narrowly to encompass only those circumstances where enforcement would violate our most basic notions of morality and justice. In reviewing an arbitral award for violations of public policy, a court may not revisit or question the fact-finding or the reasoning which produces the award." *Commodities & Minerals Enter. V. CVG Ferrominera Orinoco, C.A.*,

3

49F.4th 802, 818-19 (2d Cir. 2022). As the Arbitrator's opinion is thorough and well-reasoned, and nothing in the record indicates that Petitioner's conduct violates basic notions of morality and justice, the Court declines to apply the Public Policy exception.

3.   Jurisdictional and Procedural Claims

Finally, Respondent contends that the Court lacks personal jurisdiction, that venue was improper, and that electronic service failed to provide him with notice of the suit. These arguments are similarly unconvincing. As to the jurisdictional question, Magistrate Judge Merkl previously determined that "Respondent incurred the debts underlying the arbitration awards while living in New York, New York, submitted the forbearance assessment from Brooklyn, New York, and appears to have lived in Brooklyn around the time of filing, [therefore] Petitioner has demonstrated that Respondent conducted some of the business underlying this case in New York and had sufficient contacts with New York so as to establish personal jurisdiction under New York law." R&R, 11.

As for the reasonableness of electronic service, "[s]ervice by email alone comports with due process where a [Petitioner] demonstrates that the email is likely to reach the [Respondent]." *F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013).  In this case, the email address used for service was the same as that Respondent used for all communications with Petitioner, with the arbitrator, and now, with the Court. *See* ECF No. 24, Ex. E. The Court remains as confident as when it approved alternative service that the use of email was "'reasonably calculated, under the circumstances, to apprise [Respondent] of the pendency of the action." *Bozza v. Love*, 2015 WL 4039849, at *2 (S.D.N.Y. July 1, 2015).

Lastly, as Judge Merkl noted in the R&R, "the Court need not conduct a *sua sponte* venue analysis because a non-appearing defendant waives its right to challenge venue by failing to

4

appear." *K2M Design, Inc. v. Schmidt*, No. 22-CV-3069 (MKV) (GS), 2023 WL 10674525, at *5 n.6 (S.D.N.Y. Nov. 30, 2023), *report and recommendation adopted*, 2024 WL 1208910 (S.D.N.Y. Mar. 21, 2024); *see also Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) ("A defendant, properly served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it, or even simply by making default."). In either event, because "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district, the Court believes that venue was, and is, proper. 28 U.S.C. § 1391. Accordingly Respondent's venue, service, and jurisdictional arguments are without merit as well.

## CONCLUSION

Although Respondent's failure to object to the R&R was not willful, he has no meritorious defense to these proceedings and therefore vacating the judgement would be a waste of judicial resources and offer no conceivable benefit to either party. The motion is therefore denied and the judgement remains in place

   **SO ORDERED**.

          /S/ Frederic Block
          FREDERIC BLOCK
          Senior United States District Judge

Brooklyn, New York
June 12, 2026